# REVERE FERRIS *v.* GENE GAVIN, COMMISSIONER OF REVENUE SERVICES
## (SC 16671)

Sullivan, C. J., and Borden, Norcott, Zarella and Mulcahy, Js.

(*Two justices concurring separately in one opinion*)

Argued September 25, 2002—officially released March 18, 2003

*Jonathon L. Ensign,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney

general, and *Edward F. Reynolds, Jr.*, assistant attorney general, for the appellant (defendant).

*Robert L. Fisher, Jr.*, with whom, on the brief, was *Denise M. Cloutier*, for the appellee (plaintiff).

*Opinion*

BORDEN, J. This appeal[1] is a companion to the appeal in *Mandell* v. *Gavin*, 262 Conn. 659, 816 A.2d 619 (2003). As in that case, the dispositive issue in the present case is whether the sole owner of a limited liability company who transferred real property to that company as an asset contribution is subject to the real estate conveyance tax imposed by General Statutes § 12-494 (a).[2] The

[1] The defendant appealed to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] General Statutes § 12-494 provides: "(a) There is imposed a tax on each deed, instrument or writing, whereby any lands, tenements or other realty is granted, assigned, transferred or otherwise conveyed to, or vested in, the purchaser, or any other person by his direction, when the consideration for the interest or property conveyed equals or exceeds two thousand dollars, (1) subject to the provisions of subsection (b) of this section, at the rate of five-tenths of one per cent of the consideration for the interest in real property conveyed by such deed, instrument or writing, the revenue from which shall be remitted by the town clerk of the municipality in which such tax is paid, not later than ten days following receipt thereof, to the Commissioner of Revenue Services for deposit to the credit of the state General Fund and (2) at the rate of eleven one-hundredths of one per cent of the consideration for the interest in real property conveyed by such deed, instrument or writing, which amount shall become part of the general revenue of the municipality in accordance with section 12-499.

"(b) The rate of tax imposed under subdivision (1) of subsection (a) of this section shall, in lieu of the rate under said subdivision (1), be imposed on certain conveyances as follows: (1) In the case of any conveyance of real property which at the time of such conveyance is used for any purpose other than residential use, except unimproved land, the tax under said subdivision (1) shall be imposed at the rate of one per cent of the consideration for the interest in real property conveyed; and (2) in the case of any conveyance in which the real property conveyed is a residential estate, including a primary dwelling and any auxiliary housing or structures, for which the consideration in such conveyance is eight hundred thousand dollars or more, the tax under said subdivision (1) shall be imposed (A) at the rate of one-half of one per cent on that portion of such consideration

defendant, Gene Gavin, the commissioner of revenue services, who was also the defendant in *Mandell*, appeals from the summary judgment rendered by the trial court, which determined that the plaintiff, Revere Ferris, did not owe a conveyance tax for transferring certain real property to his limited liability company, Harris Plains, LLC (company). Prior to this appeal, the plaintiff had appealed to the trial court from the decision of the defendant, who had imposed the conveyance tax on the transfer. The trial court concluded, based upon the reasoning that the plaintiff and the company were one entity for tax purposes, that the transfer was not subject to the real estate conveyance tax because the plaintiff did not receive any "consideration" in exchange for the real property, which is a requirement for the imposition of the tax under § 12-494 (a).[3] The defendant claims that the increase in fair market value of the company after it received the real property constitutes "consideration" within the meaning of § 12-494 (a).[4] We disagree and, accordingly, we affirm the judg-

up to and including the amount of eight hundred thousand dollars and (B) at the rate of one per cent on that portion of such consideration in excess of eight hundred thousand dollars; and (3) in the case of any conveyance in which real property on which mortgage payments have been delinquent for not less than six months is conveyed to a financial institution or its subsidiary which holds such a delinquent mortgage on such property, the tax under said subdivision (1) shall be imposed at the rate of one-half of one per cent of the consideration for the interest in real property conveyed."

[3] The trial court's reasoning in the present case is identical to its reasoning in *Mandell*. See *Mandell* v. *Gavin*, supra, 262 Conn. 666. At the time of its decision, the trial court already had rendered summary judgment in *Mandell*. The court found that there was "no distinction between the facts in this case and the facts in the *Mandell* case," and explicitly adopted its prior reasoning.

[4] The plaintiff's primary argument on appeal was that, under General Statutes § 34-113, his single-member limited liability company was not a separate entity from himself for tax purposes and that, therefore, a transfer of real property from himself to his company was not a taxable event. Because we conclude that the transfer was not taxable under § 12-494 (a) due to the absence of consideration, we need not address this argument. We also note that, subsequent to oral argument before this court, we requested the parties to file supplemental briefs on the following questions: "What is the meaning of the term 'consideration' as used in [Public Acts

ment in favor of the plaintiff, albeit on reasoning different from that employed by the trial court.

The parties presented the following undisputed facts to the trial court on cross motions for summary judgment. In 1991, the plaintiff acquired a parcel of real property from his wife. The plaintiff formed his company on August 5, 1998, naming himself the sole member. The plaintiff conveyed the real property to his company two days later, by quitclaim deed. The company did not transfer any property to the plaintiff in exchange for the real property conveyance. In fact, in his summary of the tax assessment, the defendant's assessor stated that the plaintiff had conveyed the real property "to a limited liability company for no consideration."

The defendant audited the conveyance and determined that it was subject to the real estate conveyance tax of § 12-494 (a). In the assessment, the defendant concluded that the plaintiff was liable for $3714.41 in tax, plus $520.02 in interest and penalties. In arriving at these figures, the defendant had applied a taxation rate of 1 percent, from § 12-494 (b); see footnote 2 of this opinion; to the *fair market value* of the property at the time of the transfer, which was $371,441.19. Section 12-494 (b) (1) imposes a taxation rate of "one per cent of the *consideration for* the interest in real property conveyed" for "real property which at the time of such conveyance is used for any purpose other than residential use, except unimproved land . . . ." (Emphasis added.) The plaintiff paid the tax, interest and penalties under protest.

1967, No. 693, §§ 1 and 5], now codified as General Statutes §§ 12-494 (a) and 12-498 (a), and of the term 'consideration for' as used in [Public Acts 1971, No. 158, § 2], now codified as General Statutes § 12-494 (a)? In this connection, address the extent, if any, to which the terms were intended to incorporate any authorities under the previously existing federal conveyance tax statute." The parties complied with our request.

In response to the plaintiff's protest, the defendant acknowledged that the real estate conveyance tax may be imposed only when a grantor of real property receives "consideration" for the conveyance. The defendant reasoned that the plaintiff's conveyance was subject to the tax because the plaintiff "received consideration in the form of an interest in [the company] . . . ." The defendant determined that the plaintiff's 100 percent ownership interest in the company increased in value by virtue of the fair market value of the land it received. Thus, the defendant concluded that its tax assessment based on fair market value of the property, was "proper and legal." The plaintiff appealed from the defendant's decision to the trial court pursuant to General Statutes §§ 12-502a and 12-554.[5]

[5] General Statutes § 12-502a incorporates the appellate procedures described in "sections 12-548 to 12-554," making them applicable to appeals from real estate conveyance taxation.

General Statutes § 12-554 provides: "Any taxpayer aggrieved because of any order, decision, determination or disallowance of the Commissioner of Revenue Services under the provisions of this chapter may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of New Britain, which shall be accompanied by a citation to the Commissioner of Revenue Services to appear before said court. Such citation shall be signed by the same authority, and such appeal shall be returnable at the same time and served and returned in the same manner, as is required in case of summons in a civil action. The authority issuing the citation shall take from the appellant a bond or recognizance to the state of Connecticut, with surety to prosecute the appeal to effect and to comply with the orders and decrees of the court in the premises. Such appeals shall be preferred cases to be heard, unless cause appears to the contrary, at the first session by the court or by a committee appointed by it. Said court may grant such relief as may be equitable and, if such tax has been paid prior to the granting of such relief, may order the Treasurer to pay the amount of such relief, with interest at the rate of two-thirds of one per cent per month or fraction thereof, to the aggrieved taxpayer. If the appeal has been taken without probable cause, the court may tax double or triple costs, as the case demands; and, upon all such appeals which may be denied, costs may be taxed against the appellant at the discretion of the court, but no costs shall be taxed against the state."

Before the trial court, the parties submitted cross motions for summary judgment. The court granted the plaintiff's motion and denied the defendant's motion, based upon its reasoning in *Mandell* v. *Gavin*, Superior Court, judicial district of New Britain, Tax Session, Docket No. CV000504213S (October 15, 2001). The court determined that there was "no [material] distinction between the facts in this case and the facts in the *Mandell* case . . . ." Accordingly, the court simply "adopt[ed] the rationale and finding [it had employed] in *Mandell*" without further commentary. In *Mandell*, the court had determined that the plaintiff was not subject to the real estate conveyance tax because the plaintiff did not receive any consideration in exchange for the real property, which is required for the imposition of that tax under § 12-494 (a). Specifically, the court determined that the company must be "disregarded" as an entity separate from the plaintiff, its sole owner, for tax purposes and, therefore, that any transfer between the plaintiff and the company could not have been for consideration.

In this appeal, as in *Mandell*, the defendant claims that the trial court improperly determined that the plaintiff was not subject to the real estate conveyance tax. Specifically, the defendant argues that the increase in the fair market value of the company as a result of the real estate transfer constituted "consideration" within the meaning of § 12-494 (a), and that, therefore, the trial court improperly determined that the consideration requirement for the imposition of the tax had not been satisfied. We disagree.

Our decision in *Mandell* v. *Gavin*, supra, 262 Conn. 659, controls the present case. In *Mandell*, we held that the sole owner of a limited liability company who conveyed real property to that company as an asset contribution was not subject to the real estate conveyance tax imposed by § 12-494 (a) because there was no

consideration for the conveyance in the absence of a bargained for exchange. Id., 669. Therefore, the trial court's judgment in the present case must be affirmed.

The judgment is affirmed.

In this opinion NORCOTT and MULCAHY, Js., concurred.

SULLIVAN, C. J., with whom ZARELLA, J., joins, concurring. I concur in this opinion for the reasons set forth in my concurring opinion in the companion case of *Mandell* v. *Gavin*, 262 Conn. 659, 816 A.2d 619 (2003).